Elizabeth Bowie v. Henry Herring, Appellant.

Compensation for Occupancy:  subsequent sale by owner. One who has conveyed land has a right to sue for compensation for wrongful occupancy of the land before the conveyance.

Proof of title. In an action for use and occupation of land, plaintiff claimed title to the land occupied by defendant under a deed from a county to lot No. 12 of a certain section. There was some evidence that the recorded plat once showed a subdivision marked "Lot 12," but no such subdivision was on it at the time of trial, and there was no evidence as to the boundaries of the supposed subdivision. Held, there could be no recovery, because of failure to show title.

Appeal from Harrison District Court.—Hon. G. W. Wakefield, Judge.

Wednesday, April 9, 1902.

Action to recover for use of land claimed by plaintiff, and alleged to have been wrongfully occupied by defendant. Trial to the court without a jury, and judgment for plaintiff, from which defendant appeals.—*Reversed.*

*L. R. Bolter & Sons* for appellant.

*S. H. Cochran* for appellee.

McClain, J.—In the absence of any findings of law or of fact, the only question which is really before us is whether there was any evidence to support the judgment. In 1874 the county of Harrison, by action of its supervisors, purported to convey, as a part of the swamp-land grant, to one Wilbur, lot 12 in section 11, township 80, range 45, in that county, and later in the same year said Wilbur purported to convey to plaintiff by the same description; and plaintiff has recently, before the bringing of this suit, attempted to convey by the same description to another. But the suit relates to the time during which plaintiff appeared to be, and, so far as we see, was, the owner of whatever land was covered by the deed to her; and therefore the contention of appellant that she is not the real party in interest is not well founded, for after conveying she undoubtedly had the right to recover any compensation to which she was entitled before the conveyance, for the wrongful occupancy of her land by the defendant, if he had so occupied it. Defendant has for many years been the owner of lots 5 and 6 in the same section, which originally bordered on the west side of what is known as "Dry Lake." For some years prior to 1895 he seems to have occupied land to the east of lots 5 and 6, in the bed of the lake; and in that year he received a swamp land deed from the county for a tract of land described as "Lot 16" in said section, which included a portion of the bed of the lake lying east of and adjoining

his lots, and previously occupied by him. · The land claimed by defendant under his swamp land deed as lot 16, and which he claims to have previously occupied, is a part of the land which plaintiff claims to have acquired by her deed to lot 12. For defendant it is contended, however, that plaintiff never acquired any title by the conveyance of lot 12, because it does not appear that there ever was any lot passing by that description, and that, even if there was such a lot, it does not appear that the description covered the land occupied by defendant, and now covered by his conveyance as lot 16; and, notwithstanding the conclusion reached by the lower court, we are constrained to hold that the record before us contains no evidence to support plaintiff's claim of title. There is some evidence that at one time the record plat of section 11 showed a subdivision marked in pencil "Lot 12," but at the time the plat was introduced in evidence no such subdivision could be found upon it, and the evidence does not show what the boundaries of the supposed subdivision designated as "Lot 12" actually were. In the absence of any records showing the existence of such subdivision and its boundaries, and of any evidence showing occupation by plaintiff of a specific tract of land under that description, we think that plaintiff is not entitled to any relief. Even though the county did attempt to convey some tract of land without other description than as "Lot 12," if the tract which it thus attempted to convey is not capable now of identification in any manner, then, clearly, plaintiff has no rights with reference to any particular piece of land which she can assert under such conveyance. Whether defendant's occupancy of what he now claims as lot 16, was prior to such conveyance, by right or not, or whether such occupancy had ripened into adverse possession, plaintiff cannot call on him to account for such occupancy without showing that during such occupancy she had title to the premises.—REVERSED.